**B.C. O'NEAL, Plaintiff,**

**v.**

**CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY, Rain and Hail Insurance Service, Inc., and Farm Bureau Mutual Insurance Company, Defendants.**

Civ. A. No. 4:94–1341–22.

United States District Court,
D. South Carolina,
Florence Division.

Feb. 28, 1995.

J. Anthony Floyd, Hartsville, SC, for plaintiff.

Louis D. Nettles, Florence, SC, for S.C. Farm Bureau Mut. Ins.

S. Nelson Weston, Jr., Columbia, SC, for CIGNA and Rain and Hail Ins. Service.

### ORDER

CURRIE, District Judge.

This is a dispute over proceeds due under a Multiple Peril Crop Insurance Policy issued

through Defendant CIGNA Property and Casualty Insurance Company (hereinafter "CIGNA") and its servicing agent, Defendant Rain and Hail Insurance Service, Inc. (hereinafter "Rain and Hail").

This action was originally brought in the Court of Common Pleas, Fourth Judicial Circuit, on March 21, 1994. Following service on Defendants CIGNA and Rain and Hail Insurance on April 13, 1994, the defendants removed the case to this court on May 13, 1994. The asserted basis of federal jurisdiction is "that this is an action over which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims are founded on a federal claim arising under 7 U.S.C. § 1501 et seq. and 7 C.F.R. Chapter IV."[1] The matter is presently before the court for a determination of this court's subject matter jurisdiction.[2]

Plaintiff is a South Carolina citizen and resident. His Amended Complaint alleges that during 1992 he secured the assistance of Jo Tolson, agent of Defendant Farm Bureau, in obtaining crop insurance for his cotton crop. The policy was issued through Defendants CIGNA and its servicing agent, Rain and Hail. Plaintiff contends that a severe drought that year caused major cotton crop damage, recovery for which he filed appropriate claim under the policy. The Amended Complaint alleges that Defendants have jointly and severally denied Plaintiff payment under the policy and asserts causes of action for negligence, breach of contract, bad faith refusal to pay first party benefits, and a violation of the South Carolina Unfair Trade Practices Act, S.C.Code Ann. §§ 39–5–10 et seq.[3]

Defendant CIGNA's Answer admits that it is the provider of the subject policy, but denies the balance of Plaintiff's claims. It asserts the defenses of unclean hands, estoppel, waiver, and statute of limitations.[4] Defendant Rain and Hail admits it was the servicing agent for the policy, but denies the balance of Plaintiff's claims. It asserts the same affirmative defenses asserted by CIGNA. Moreover, it interposes a counter-claim for breach of contract, in which it seeks to recover $11,572 for the premium cost due under Policy MP–214250, together with costs and attorney fees. Plaintiff's Reply to the Counter-claim admits that no payment was made for the premium, but denies that payment was ever demanded and that any amount is outstanding.

Although the subject policy was reinsured by the Federal Crop Insurance Corporation (FCIC), no federal defendant is named in this action. Defendants CIGNA and Rain and Hail contend, however, that federal subject matter jurisdiction exists because of the "Complete Preemption Doctrine." In other words, they contend that federal law has so thoroughly preempted state law in this matter that Plaintiff's Amended Complaint must be characterized as stating a federal cause of action, even though, on its face, it asserts only state law causes of action, citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). As evidence of congressional intent to preempt

---

1. Defendants admit no diversity jurisdiction exists in this action.

2. The court raised this inquiry as to its jurisdiction sua sponte. The court gave all parties leave to submit briefs on the issue. Both Plaintiff and Defendant Farm Bureau contend this court lacks jurisdiction over this matter; Defendants CIGNA and Rain and Hail Insurance Service, Inc., contend jurisdiction exists. For the reasons given below, the court agrees with Plaintiff and Defendant Farm Bureau, and concludes that this case must be remanded to the Fourth Judicial Circuit Court of Common Pleas.

3. Plaintiff's Answers to Local Rule 7.05 Interrogatories further assert that Defendants initially determined they were liable under the policy and offered Plaintiff the sum of $5,000 through their adjuster. Plaintiff further complains that Defendants have attempted to collect an exorbitant premium, which was not properly disclosed to him by their sales agent.

4. Defendant CIGNA's Answers to Local Rule 7.05 Interrogatories assert that Plaintiff misquoted the original acreage to be insured under the policy. CIGNA also asserts that the policy is reinsured by the Federal Crop Insurance Corporation ("FCIC"), an agency of the United States Department of Agriculture. In addition, CIGNA asserts that Plaintiff has failed to bring the action within the prescribed time. Finally, CIGNA denies Plaintiff sustained any loss.

state law claims, CIGNA and Rain and Hail point to portions of 7 U.S.C. § 1506(d) of the Federal Crop Insurance Act, which provide:

... the District Courts of the United States ..., shall have exclusive original jurisdiction, without regard to the amount in controversy of all suits brought by or against [the] *Corporation*.

(emphasis added). They argue that just as suits against the Federal Crop Insurance Corporation are subject to the foregoing exclusive jurisdiction provision, claims against insurance companies issuing FCIC-reinsured policies should also be subject to exclusive federal court jurisdiction.[5]

■ Defendants may remove Plaintiff's state court action to federal court only if the action was one that could have originally been filed in federal court. 28 U.S.C. § 1447(a). Because diversity among the parties is absent, Plaintiff's claim must present a federal question. *Caterpillar v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). To be removable to federal court, a state action must be within the original jurisdiction of the district court and its jurisdiction must be ascertainable from the face of the complaint. *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272 (4th Cir.1985). The question whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 391, 107 S.Ct. at 2428. The fact that a federal defense may be raised to the plaintiff's action will not create federal question jurisdiction. *Id.* If neither diversity nor federal question jurisdiction exists, the district court must remand the case to the state court from which it originated.

■ The doctrine of complete preemption is, however, one exception to the well-pleaded complaint rule. It maintains that where a

federal statute so extensively regulates an area that it does not leave any room for state law to supplement it, a defendant may properly remove a case from state court even though the federal question is raised as a defense. *Id.* at 393–99, 107 S.Ct. at 2430–33. The United States Supreme Court has recognized the doctrine's application in only a few cases, i.e., *Caterpillar*, 482 U.S. at 393–99, 107 S.Ct. at 2430–33 (collective bargaining contracts, but no individual employment contracts, under the Labor Management Relations Act); *Metropolitan Life*, 481 U.S. at 67, 107 S.Ct. at 1548 (issues under § 502(a) of ERISA); and *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 675, 94 S.Ct. 772, 781, 39 L.Ed.2d 73 (possession of Indian tribal lands.) The Court has emphasized that the doctrine is to be narrowly construed:

[O]ur decision should not be interpreted as adopting a broad rule that any defense premised on congressional intent to preempt state law is sufficient to establish removal jurisdiction. The Court holds only that removal jurisdiction exists when, as here, "Congress has *clearly* manifested an intent to make causes of action ... *removable to federal court*." In future cases involving other statutes, the prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand to state court.

*Metropolitan Life*, 481 U.S. at 67–68, 107 S.Ct. at 1548 (emphasis added).

In deciding whether federal law preempts state law, this court's "sole task is to ascertain the intent of Congress." *California Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 280, 107 S.Ct. 683, 689, 93 L.Ed.2d 613 (1987). In the absence of express congressional intent, preemption may be inferred to the extent that "the state law stands as an obstacle to the accomplishments and execution of the full purposes and objectives of Congress." *Id.* Preemption should not be lightly presumed. *Id.*

5. The difficulty with CIGNA and Rain and Hail's position is that no express statutory language in the Federal Crop Insurance Act (FCIA), 7 U.S.C. §§ 1501 *et seq.*, recognizes that claims based on FCIC-reinsured policies, but which do not involve the Corporation directly, should be subject to the same provision.

In determining whether the instant case is subject to federal preemption, this court is assisted by the Ninth Circuit Court of Appeals analysis in *Holman v. Laulo–Rowe Agency*, 994 F.2d 666 (9th Cir.1993). There, the plaintiffs, Montana farmers, insured their crops against natural disaster under policies of insurance written by the Federal Crop Insurance Corporation (FCIC), a wholly-owned Government corporation within the Department of Agriculture. The plaintiffs obtained their insurance through an insurance agent. When a 1984 drought destroyed their crops, they sought recovery under the policy. After coverage was denied, they filed suit alleging claims of negligence, bad faith, and breach of contract against the insurance agency and two individual agents. The complaint asserted no federal claims, named no federal defendants, and lacked diversity. The defendants filed a motion to dismiss in federal district court, contending the FCIA preempted all state law claims and required the plaintiffs to go before an administrative agency, not a court. The district court found a lack of subject matter jurisdiction, which ruling was affirmed on appeal.

In concluding that no clear congressional intent indicated that the plaintiffs' state law claims were preempted by the FCIA, the court noted that the exclusive original jurisdiction grant in 7 U.S.C. § 1506(d) refers only to suits brought by or against the FCIC, not any other parties. The court observed, "[A] review of the FCIA and its legislative history uncovers no congressional intent that claims against insurance agents for the agents' own errors or omissions are to be deemed to create federal-question jurisdiction." *Id.* 994 F.2d at 669 (relying on legislative history showing agents participated in the formation of the 1980 amendments to the FCIA but did not seek to have suits against them for their errors brought to the exclusive jurisdiction of federal courts).[6]

The Fourth Circuit Court of Appeals has not had opportunity to address the preemption issue raised in this case. However, the court finds the *Holman* reasoning persuasive. Its test for congressional intent accurately mirrors the preemption analysis followed by the Fourth Circuit in *Abbot v. American Cyanamid Co.*, 844 F.2d 1108 (4th Cir.1988) (National Childhood Vaccine Injury Act of 1986 does not completely preempt state law claims for DPT vaccine-related injuries). Moreover, *Holman's* focus on an absence of congressional determination to provide an exclusive remedy against agents under the FCIA also tracks reasoning similar to the Fourth Circuit's recent analysis in *Mulcahey v. Columbia Organic Chemical Co., Inc.*, 29 F.3d 148, 153 (4th Cir.1994) ("we are constrained to conclude that the Plaintiffs' inability to proceed under [the federal environmental statutes] constitutes a 'congressional conclusion that the presence of a claimed violation of the statutes as an element of a state cause of action is insufficiently substantial' to confer federal question jurisdiction."), *citing Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). *Cf. Handyman Network, Inc. v. Westinghouse Savannah River Company, Inc.*, 868 F.Supp. 151 (D.S.C.1994).

Examination of Plaintiff's Amended Complaint reveals that the alleged wrongs of which Plaintiff complains were actions of the insurance agency and the issuing provider in the handling of Plaintiff's claim. In other words, they are claims against Defendants for their own errors and omissions. Plaintiff complains that Defendants failed "to correctly, timely and in a professional manner, disclose the premiums and the terms of coverage," and failed "to exercise reasonable care during the investigation, claims handling, premium collection and response about the claim to the Plaintiff." Amended Complaint ¶ 7. These are precisely the same claims advanced by the plaintiffs in *Holman*, for which the Ninth Circuit found no congressional determination to preempt. *Id.* at 669

---

6. The court in *Holman* emphasized that its decision was concerned solely with the issue of complete federal preemption, but that the defendants would still be able to pursue their federal preemption defense in the state court. "We have complete confidence in the ability and willingness of state courts to enforce federal defenses." 994 F.2d at 670. Similarly, in the present case Defendants may assert their federal statute of limitations and other defenses in the Fourth Judicial Circuit.

("We therefore find that the FCIA does not have the extraordinary preemptive force necessary for the application of the doctrine of complete preemption").[7]

As further support for the court's conclusion that complete preemption of Plaintiff's claims does not exist, the court notes that no express prohibition exists against a private insurer selling crop insurance. Thus, it is possible for a private insurer to sell crop insurance which would not be reinsured by the FCIC. The federal regulations apply only to crop insurance that is reinsured or insured by the FCIC. Because of this possibility of private crop insurance, federal law cannot be said to have occupied the field.

Based on the foregoing reasons and the cited authorities, the court concludes that it has no subject matter jurisdiction over the claims asserted in this action. IT IS THEREFORE ORDERED that the action is remanded to the Court of Common Pleas for the Fourth Judicial Circuit. *See* 28 U.S.C. 1447(c).

IT IS SO ORDERED.

---

**7.** The fact that Defendants CIGNA and Rain and Hail were not the issuing agency, but rather provided and serviced a FCIC-reinsured policy does not change the court's analysis. The court concludes that if Congress had intended to subject claims on FCIC-reinsured policies to the exclusive original jurisdiction of federal district courts it would have expressly so provided in 7 U.S.C. § 1506(d), and not merely spoken in terms of suits against the FCIC.