**Ronald J. HYZER, Plaintiff,**

v.

**CIGNA PROPERTY CASUALTY INSURANCE COMPANY, and Rain and Hail Insurance Services, Inc., Defendants.**

No. 95–CV–10023–BC.

United States District Court,
E.D. Michigan,
Northern Division.

May 11, 1995.

---

4. Remand is not appropriate because the case was subsequently removed properly by third-par-

ty defendants.

Brian R. Schrope, Caro, MI, for plaintiff.

Douglas C. Smith, Jonathan C. Martin, Bay City, MI, for Cigna Property Cas. Ins. & Rain and Hail Ins.

David Delie, Jr., Troy, MI, for James Armbruster.

## MEMORANDUM OPINION AND ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

CLELAND, District Judge.

### I. Background

This matter is before the court upon the court's own order to show cause why the case should not be remanded entered April 13, 1995. This case was commenced by the plaintiffs in Tuscola County District Court (Anthony Koroleski) and Huron County Circuit Court (Steven Koroleski and Ronald Hyzer). The plaintiffs sought benefits due under crop insurance policies issued by the defendants and which were reinsured by the Federal Crop Insurance Corporation ("FCIC"). Defendants timely removed these cases to this court on January 23, 1995. These cases were consolidated by order of the court on March 8, 1995.

Plaintiffs' complaints averred state law causes of action only. Defendants' basis for removal was the assertion of defenses pursuant to the Federal Crop Insurance Act ("FCIA"), 7 U.S.C. § 1501, et seq.

In the order of April 13, 1995, the court noted that the well-pleaded complaint rule requires more than the assertion of a preemption defense to confer jurisdiction unless the subject matter is "super" or "completely" preempted by Congress as to render all issues arising under the subject federal. The court questioned the propriety of concluding that Congress intended the FCIA have such extraordinary preemptive powers and or-

dered the defendants to respond in writing to the court's order to show cause. Plaintiffs do not oppose remand.

The court has read all the materials submitted and the matter is fully before the court. The court is satisfied that the motion can be properly determined without oral hearing, and so orders.

## II. Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Subject matter jurisdiction in district court may be predicated upon either assertion of a federal question (28 U.S.C. § 1331) or diversity of citizenship (28 U.S.C. § 1332). Removal is proper only where the case could have originally been brought. 28 U.S.C. § 1441.

## III. Discussion

### A. Complete preemption doctrine

In each of the consolidated cases, an individual agent[1] of the defendants was sued. These individuals are citizens of Michigan as are the plaintiffs; thus, jurisdiction may not be predicated upon diversity of citizenship of the parties. 28 U.S.C. § 1332.

■ The remaining basis for jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction is determined by reference to the well-pleaded complaint rule "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). This doctrine is based on the rationale that the plaintiff is "the master of the claim, he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Consequently, assertion of a federal defense will not confer federal jurisdiction, even when that defense is one of preemption, and even if anticipated by the plaintiff. *Williams,* 482 U.S. at 392–93, 107 S.Ct. at 2429–30.[2] To hold otherwise would render the plaintiff "master of nothing." *Williams,* 482 U.S. at 399, 107 S.Ct. at 2433. Here, the plaintiffs have averred exclusively state law claims.

However, where a statute's "preemptive force [ ] is so powerful as to displace entirely any state cause of action ... [a]ny such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of [the federal statute]." *Franchise Tax Bd.,* 463 U.S. at 24, 103 S.Ct. at 2854,[3] citing *Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists,* 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968) (finding § 301 of the Labor Management Relations Act "LMRA" to have such powerful preemptive force).

As a result, "extraordinary" "preemptive power" of a statute "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Taylor,* 481 U.S. at 65, 107 S.Ct. at 1547 (finding that "ERISA" has such powerful preemptive force).

■ Once it is concluded that the area has been super preempted, then it must be shown that plaintiff's claim falls within the area super preempted in order to justify removal. *See, Warner v. Ford Motor Co.,* 46 F.3d 531, 535 (6th Cir.1995) (holding that a claim falls within the area completely preempted by ERISA when the claim is one " 'to recover benefits due to him under the

---

1. Whether the individuals actually were agents is subject to debate. *See, e.g., Answer in Hyzer* case, ¶ 3.

2. Assertion of a federal defense was sufficient to confer federal court jurisdiction before statutory amendment in 1887. *Williams,* 482 U.S. at 392, 107 S.Ct. at 2429. Accordingly, the well-pleaded complaint rule applied only to original jurisdiction and not removal. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, n. 9, 103 S.Ct. 2841, 2847, n. 9, 77 L.Ed.2d 420 (1983).

3. The Court in *Franchise Tax Bd.* specifically reserved the question whether Employee Retired Income Security Act "ERISA" had such preemptive force as to convert state law claims into federal claims because the claim did not come within the scope of § 502(a) (civil enforcement section) of ERISA anyway. The Court in *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) answered the question unresolved by *Franchise Tax Bd.* in the affirmative.

terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B)."); *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329–1331 (6th Cir.1989) (finding state law claim not so inextricably intertwined with consideration of the terms of the collective bargaining agreement as to fall within the preempted area), *cert. denied*, 493 U.S. 992, 110 S.Ct. 539, 107 L.Ed.2d 537 (1989); *Rodriguez v. Shell Oil Co.*, 818 F.Supp. 1013, 1016 (S.D.Tex.1993).

■ In other words, the complete preemption doctrine, when properly invoked, renders subject matter jurisdiction possible even where the federal question is raised as a defense and does not appear on the face of the complaint. The next question is whether plaintiff's particular claim is "really" a federal claim, i.e., whether it actually arises under the federal question asserted by defendant in the removal petition.[4]

After removal jurisdiction is established, the final question is the substantive validity of the preemption defense under the facts at hand, i.e. ordinary preemption. *Whitman v. Raley's, Inc.*, 886 F.2d 1177, 1181 (9th Cir. 1989) ("If [plaintiff's claim is completely preempted], then the federal court has jurisdiction and, of course may proceed to rule on the substantive defense of preemption.").

Since the court does not find that the crop insurance area is completely or super preempted, the court need not inquire whether plaintiffs' claims fall under the super preempted area, let alone the substantive validity of the defense.

Although this complete preemption doctrine is sometimes analyzed separately from the artful pleading doctrine (*E.g., KVHP TV Partners, Ltd. v. Channel 12, Inc.*, 874 F.Supp. 756, 759–60 (E.D.Tex.1995)), the former appears to be a specific application of the latter. *Williams*, 482 U.S. at 397, 107 S.Ct. at 2432 (finding that the "artful pleading" doctrine could not be invoked to justify removal under § 301 of the LMRA where the contract at issue was not a collective bargaining agreement and thus, did not fall within the completely preempted area). Under the artful pleading doctrine, "courts 'will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum ... occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization.' " *Federated Department Stores v. Moitie*, 452 U.S. 394, 397, n. 2, 101 S.Ct. 2424, 2427, n. 2, 69 L.Ed.2d 103 (1981), quoting, 14 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3722, pp. 564–566 (1976), *accord, Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 310 (3d Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1691, 131 L.Ed.2d 555 (1995), *citing Franchise Tax Bd.*, 463 U.S. at 24, 103 S.Ct. at 2854. It may be that some courts treat the complete preemption doctrine as an aside rather than a subset to the artful pleading doctrine since the artful pleading doctrine carries with it a connotation of bad faith[5] or at least a purposeful attempt to avoid a federal forum. Regardless, even if they are separate, they each require courts to examine whether the complaint actually raises a federal issue even though the complaint does not state any federal claims on its face. *Goepel*, 36 F.3d at 310 ("A state claim which is 'really one of federal law' may be removed to federal court").

**B. Complete preemption doctrine as applied to the FCIA**

■ Defendants contend that this court has subject matter jurisdiction based upon the complete (also referred to as "super") preemption doctrine as applied to the Federal Crop Insurance Act. *Response to Order to Show Cause*, p. 2. Defendants rely on

---

4. "[A]n action 'arises under' federal law 'if in order for the plaintiff to secure the relief sought he will be obligated to establish both the correctness and the applicability to his case of a proposition of federal law.' " *Franchise Tax Bd.*, 463 U.S. at 9, 103 S.Ct. at 2846. Alternatively, " 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.' " *Franchise Tax Bd.*, 463 U.S. at 10–11, 103 S.Ct. at 2846–47.

5. *Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1161 (5th Cir.1989), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990).

*Owen v. Crop Hail Management,* 841 F.Supp. 297 (W.D.Mo.1994), *Brown v. Crop Hail Management,* 813 F.Supp. 519 (S.D.Tex.1993), and *State ex rel. Todd v. United States,* 995 F.2d 1505 (10th Cir.1993).

As noted in the order to show cause, "[t]he United States Supreme Court has identified only two federal acts whose preemptive force is extraordinary: (1) The Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and (2) the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*" *Holman v. Laulo–Rowe Agency,* 994 F.2d 666, 668 (9th Cir.1993). The defendants in this case ask the court to expand the list to include "... '(3) FCIA.'" The court finds, as did the Ninth Circuit, that the FCIA does not "so completely preempt" state law such that a defense based on the FCIA gives rise to federal question jurisdiction via super pre-emption. *Holman, supra.*

In *Holman, supra,* the court considered the history of the FCIA and concluded that the statute's federal jurisdictional limitation to suits "by or against" the FCIC should be followed. *Id.* at 669. The court noted that when Congress amended the Act in 1980, it chose to "dramatically increase[ ] the amount and availability of crop insurance" which would require the participation of private agents to accomplish. *Id.* The private agents sought to and ultimately succeeded in procuring a section which allowed private agents to be indemnified for FCIC errors. *Id.* This indemnification, however, is not available to the private agents "'to the extent [that] the agent or broker caused the error or omission.'" *Id.* Even in the face of this expansion of the Act's pervasiveness, the Congress did not provide for "suits against agents for their own errors and omissions exclusively within the jurisdiction of the federal courts." *Id.*[6] Thus, the Ninth Circuit held that the Congress did not intend to completely or super preempt the field so as to render any claim evoking the Act's application one of federal court jurisdiction. *Id.*

6. The jurisdiction discussed in the preceding sentence is that of original federal question jurisdiction, not that of super or complete preemption. The statute's failure to provide a remedy against agents for their own errors and omissions does

The court agrees with the analysis set forth by the Ninth Circuit.

Defendants argue that *Holman* is distinguishable from the instant case because unlike *Holman* "[i]n this case, the Defendants raising the issue of complete preemption are not insurance agents. They are reinsurers of FCIC policies who are charged with implementing the terms of the policy." *Response to Order to Show Cause,* p. 11.

■ However, the issue of whether a federal statute so pervasively regulates an area as to effect super preemption is not based on the facts of the case at hand. The super preemption question is one of congressional intent which is wholly removed from the facts of the case to which the statute will apply. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 208, 105 S.Ct. 1904, 1909–10, 85 L.Ed.2d 206 (1985), *in accord, Taylor,* 481 U.S. at 66, 107 S.Ct. at 1547–48. A determination of whether a particular suit involves an agent's errors or omissions is vital in answering the ordinary preemption defense question of indemnification for reinsurers of the FCIC, but is irrelevant in determining whether the area is super or completely preempted.

The court has reviewed the analyses in the district court cases cited by defendants which diverge from the Ninth Circuit's holding in *Holman, supra: Brown v. Crop Hail Management, Inc.,* 813 F.Supp. 519 (S.D.Tex. 1993) and *Owen v. Crop Hail Management,* 841 F.Supp. 297 (W.D.Mo.1994). For the reasons stated below, the court disagrees with the reasoning employed in both cases. Consequently, the court chooses to follow that of the Ninth Circuit and to disregard the above district court cases.

In *Brown, supra,* the court's analysis of congressional intent focused on suits brought against the FCIC. *Brown,* 813 F.Supp. at 528. The court then extended this reasoning to suits filed against FCIC reinsured companies, such as Crop Hail Management, when it stated:

not directly answer the super preemption question, but was found by the court in *Holman* to be indicative of congressional intent not to pervasively regulate the crop insurance area.

The Court realizes that the *Aaron* test [3 part preemption test formulated by the Fifth Circuit] requires a *statutory* creation of a civil enforcement section and a specific jurisdictional grant and *congressional* intent that complete preemption exist. The Court also understands that the FCIA extends none of these things to FCIC reinsured companies. Nevertheless, it is inconceivable to the Court that, having earlier determined that suits against FCIC reinsured companies are equivalent to suits against the FCIC, it could now conclude that suits against FCIC reinsured companies are not completely preempted in the same fashion as suits against the FCIC. Thus, the Court holds that state law causes of action, like the ones asserted by the Plaintiff in the instant case, against a FCIC reinsured entity are subject to complete preemption.

*Brown,* 813 F.Supp. at 528.

Finding the plain meaning of the statute "inconceivable," the court substituted what it obviously considered a better approach. That analytical process, however, appears to this court as beyond the proper purview of a court's inquiry in determining congressional intent. The court, in *Brown,* cites to § 1508(f) and § 1506(k) to support its conclusion that Congress intended to completely or super preempt state law such as to grant federal question jurisdiction to cases involving interpretation of the FCIA. *Brown,* 813 F.Supp. at 527. It is said that the language in these two sections "through plain and unambiguous terms ... and equally explicit language" create complete preemption giving rise to subject matter jurisdiction in the federal courts. *Brown,* 813 F.Supp. at 527. This court, however, fails to see such plain and explicit mandate.

§ 1508(f) states simply that a claim for indemnity "denied by the Corporation ... may be brought against the Corporation in the United States District Court ..." § 1508(f); *Brown,* 813 F.Supp. at 526. Of course, the "Corporation" is the FCIC. § 1503 provides that "there is hereby created as an agency of and within the Department of Agriculture a body corporate with the name 'Federal Crop Insurance Corporation'

(herein called the Corporation)." Thus, this section does not provide any instruction on the instant issue regarding suits against FCIC reinsured companies. Yet, the court in *Brown* found this same section dispositive of congressional intent on the issue of complete preemption, i.e. jurisdiction over claims brought against not the FCIC, but reinsured companies. This section appears to apply only to the "Corporation" which the Act creates: the FCIC. 7 U.S.C. § 1503.

Nor does this court see how § 1506(k) reveals express congressional intent to effect super preemption. This section provides only that:

state and local laws or rules shall not apply to contract or agreements of the Corporation or the parties thereto or to the extent that such contracts or agreements provide that such laws or rules shall not apply, or to the extent that such laws or rules are inconsistent with such contracts or agreements.

§ 1506(k); *Brown,* 813 F.Supp. at 525.

The court finds that, although this section surely addresses preemption as a defense, it does not provide the sort of clear mandate to so completely preempt an area as to provide federal question jurisdiction for any case in which the Act is raised not in the complaint but only as a defense. In other words, the section is intended to provide preemption, not super preemption. There is no clear "jurisdictional grant" of the kind needed to evidence an intent to effect complete or super preemption.

This court's reluctance to rely on the reasoning in *Brown* is further inspired by notation to a footnote which lists other situations where "preemption can also occur," one of which listed is "where Congress has legislated comprehensively, thus occupying an entire field of regulation." *Brown,* 813 F.Supp. at 525, n. 4. In this court's mind, comprehensive regulation, i.e. super preemption, is precisely the preemption at hand, and not one "where preemption can also occur."

As defendant notes, the district court in *Owen, supra,* disagreed with the Ninth Circuit's analysis in *Holman, supra,* because the Ninth Circuit "did not examine the FCIC's

interpretation of the Act." *Owen,* 841 F.Supp. at 302. Unlike the court in *Owen, supra,* this court does not believe the FCIC's interpretation need be examined. Correspondingly, this court does not see the Ninth Circuit's failure to do so as a flaw, let alone a fatal flaw which would necessitate divergence from its holding.

The court in *Owen* cited *Louisiana Public Service Com. v. FCC,* 476 U.S. 355, 369, 106 S.Ct. 1890, 1899, 90 L.Ed.2d 369 (1986) for the proposition that "[t]he court must examine more than just the statutory language and the legislative history in determining the congressional intent. The court must also examine the FCIC's interpretation of the statute through its regulations." *Owen,* 841 F.Supp. at 302. However, the case relied upon, *Louisiana Public Serv. Com.* did not address the issue of complete or super preemption, but only ordinary preemption. Neither did *Louisiana Public Service Com.* address the question whether federal subject matter jurisdiction can be established when a defense relies on the FCIA in response to a complaint which facially states only state law claims. Accordingly, *Louisiana Public Service Com.* is inapposite to the issue discussed in *Owen* and to the instant case.[7]

■ To be sure, agencies have the power to preempt an area by promulgating regulations pursuant to congressional delegation. *Louisiana Public Serv. Com.,* 476 U.S. at 369, 106 S.Ct. at 1898–99 ("Pre-emption may result not only from action taken by Congress itself; a federal agency acting within the scope of its congressionally delegated authority may pre-empt state regulation."). However, it is quite another matter to conclude that an agency may also *completely or super* preempt an area, thereby allowing an agency to create federal court subject matter jurisdiction where none exists. There is no support for such an extension of bureaucratic power. Since *Louisiana Public Service Com.* addressed ordinary preemption and not complete or super preemption, *Owen's* reliance upon it misplaced. Consequently,

*Owen*'s conclusion that "[e]ven though Congress did not expressly state an intent to complete [sic] preempt state law, apparently Congress did give the FCIC the power to do so"[8] is without support and will not guide this court.

Similarly, defendants' citation to *State ex rel. Todd v. United States,* 995 F.2d 1505, 1509 (10th Cir.1993) does not affect the validity of the Ninth Circuit opinion in *Holman.* The *Todd* case also addressed ordinary preemption and not super or complete preemption; thus, it did not involve the propriety of exercising federal subject matter jurisdiction over cases which contain no federal claims on the face of the complaint.

The court notes additionally that a more recent district court opinion from South Carolina followed *Holman* in concluding that the FCIA does not have the extraordinary preemptive force of ERISA or LMRA so as to completely preempt an area. *O'Neal v. CIGNA Property and Casualty Insurance Co.,* 878 F.Supp. 848 (D.S.C.1995). The court in *O'Neal* also noted that the FCIA lacked any express recognition that claims based on FCIC reinsured policies should be treated the same as those insured by the FCIC (*O'Neal,* 878 F.Supp. at 850, n. 5) and further that had Congress desired such a result, it could have and would have so provided. *O'Neal,* at 852, n. 7. The *O'Neal* opinion also supplemented the *Holman* analysis by the following observations:

> [I]t is possible for a private insurer to sell crop insurance which would not be reinsured by the FCIC. The federal regulations apply only to crop insurance that is reinsured or insured by the FCIC. Because of this possibility of private crop insurance, federal law cannot be said to have occupied the field.

*O'Neal,* at 852.

This court agrees with the analysis set forth in *Holman* and *O'Neal* and is not persuaded to the contrary by *Owen, Brown,* or any other case cited by the defendants. Accordingly, the court concludes that the FCIA

---

7. *See, Warner,* 46 F.3d at 535 (reversing prior Sixth Circuit decision which "did not keep complete preemption removal and ordinary preemption doctrine separate and distinct.").

8. *Owen,* 841 F.Supp. at 303.

does not so completely preempt the area as to confer federal removal jurisdiction where, as here, the Act is not averred in the complaint but is raised as a defense.

This conclusion is buttressed by the opinion of *Ehler v. Empire Fire and Marine Insurance Co.,* No. 5:93:CV:48 (W.D.Mich., November, 1993). In addressing an action of the insured against insurers, the contractual rights of which would be determined by reference to the FCIA, another United States district judge sitting in this state concluded that the FCIA does not so completely preempt the area as to confer federal subject matter jurisdiction when the Act is raised as a defense. *Id.* Thus, the court dismissed the case for want of jurisdiction where diversity jurisdiction was not met. *Id.*

### IV. Conclusion

For the reasons stated above, these consolidated cases are REMANDED to the state court from which they were removed for lack of subject matter jurisdiction.

IT IS SO ORDERED.