Ray HORN, Jr., Plaintiff,

v.

**RURAL COMMUNITY INSURANCE SERVICES, formerly d/b/a National Ag Underwriter's, Inc., Philip East, Defendants.**

Civ. A. No. 95–A–837–N.

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 2, 1995.

Truman M. Hobbs, Jr., Montgomery, AL, for plaintiff.

Charles A. Stewart and Robert R. Baugh, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### INTRODUCTION

This cause is before the court on the Plaintiff's Motion to Remand, filed on July 18, 1995. Plaintiff originally filed suit in the Circuit Court of Pike County on or about May 18, 1995. In his complaint, plaintiff alleged state law causes of action for breach of contract, bad faith, and defamation. Plaintiff named as defendants Rural Community Insurance Services, ("RCIS"), a Minnesota corporation, and Phillip East ("East"), an agent of RCIS, and a citizen of Alabama. The circumstances giving rise to the claims involve the denial by the defendant of insurance coverage for crop loss suffered by the plaintiff.

The defendant RCIS removed the action to this court on June 19, 1995. According to RCIS, jurisdiction is proper pursuant to 28 U.S.C. § 1331, in that this action raises a federal question. Defendant contends that this action is governed by the Federal Crop Insurance Act, ("FCIA"), 7 U.S.C. § 1501, *et seq.*, and that the plaintiff's state law claims are preempted by that federal law.

As discussed below, the plaintiff raises no federal issues on the face of his complaint. Therefore, if this court has jurisdiction over this action, it is only pursuant to the doctrine of "complete" or "super" preemption. Having examined the submissions of the parties and the relevant case law, though, the court finds that Congress did not intend for the FCIA to completely preempt this area of the law. Accordingly, the court finds that the Plaintiff's Motion to Remand is due to be GRANTED.

### FACTS

According to the plaintiff, he had a contract of insurance with RCIS. Plaintiff alleges that in 1994 he made a claim for insurance on several of his fields, but was denied coverage by the defendant in breach of the insurance contract. Defendant's reason for denying coverage was that, according to the defendant, plaintiff failed to follow accepted farming practices.

In addition to his breach of contract claim, plaintiff also alleged bad faith in the denial of the claim. Finally, according to the plaintiff, his reputation was damaged by the publication of the false statements that plaintiff does not follow accepted farming practices.

### STANDARD FOR REMAND

Federal courts are courts of limited jurisdiction. *See, Kokkonen v. Guardian Life Ins. Co. of Am,* —— U.S. ——, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984).

As such, they have the power to hear only those cases that they have been authorized to hear by Congress or by the Constitution. *Kokkonen,* — U.S. at —, 114 S.Ct. at 1675. The appropriate analysis in a case such as this is whether or not the case could have originally been brought in federal court as removal is only proper in those instances. 28 U.S.C. § 1441(a).

 The law in the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. As stated by the Court of Appeals, in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

## ANALYSIS

### WELL PLEADED COMPLAINT

 It is settled law that a cause of action arises under federal law only where a federal question appears on the face of the complaint. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Brown v. Conn. General Life Ins. Co.,* 934 F.2d 1193, 1195–96 (11th Cir.1991).[1] Equally axiomatic is the notion that "the party who brings suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the ... law[s] of the United States by his declaration and bill. That question cannot depend upon the answer, and accordingly jurisdiction cannot be conferred by the defense, even when anticipated and replied to in the bill." *The Fair v. Kohler Die and Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), *see also, Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). If the plaintiff chooses to forego potential avenues of recovery in favor of others, a defendant cannot force him through an answer to pursue another course. Accordingly, in this instance, the court looks to the face of the complaint to determine whether or not plaintiff has stated a federal claim.

 In examining the language of the complaint it is clear that this action is brought under Alabama law. The plaintiff does not make any reference to the FCIA, or any other federal statutory right that he seeks to vindicate. Additionally, the plaintiff alleges no violations of his rights under the Federal Constitution. State courts, unlike federal courts, have plenary jurisdiction and are competent to hear all cases, including those involving federal law. *See Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981). As the court in *Gulf Offshore* put it,

> "The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication."

*Id.* at 477–78, 101 S.Ct. at 2875.

There is, therefore, a presumption that state courts have concurrent jurisdiction over claims that involve federal law.

In this case, the plaintiff has specifically availed himself of the protection of state law. The plaintiff's complaint simply does not state a cause of action under federal law.

### PREEMPTION

██ As stated above, in certain instances courts have ruled that legislation passed by Congress clearly shows that the legislature intended to completely preempt an area of law, thereby rendering any civil complaint brought in that area a federal cause of action. Absent a finding of clear Congressional intent to preempt the state courts from hearing the actions, the court must presume that complete preemption does not apply.

 Additionally, the court notes that the U.S. Supreme Court has found Congressional intent for complete preemption in just two instances. The first is the Labor Management Relations Act ("LMRA"). 29 U.S.C.

---

1. There is an exception to this rule, discussed below, when Congress "so completely preempts a particular area of law that a civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life,* 481 U.S. at 63–64, 107 S.Ct. at 1546.

§ 185(a); *See Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists,* 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968). The second is the Employee Income Retirement Security Act ("ERISA"). 29 U.S.C. § 1001 *et seq.; See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Having reviewed the cases dealing with this issue, the court is persuaded by the Ninth Circuit's opinion in *Holman v. Laulo–Rowe Agency* that Congress did not intend that the FCIA be added to this list. 994 F.2d 666 (9th Cir.1993); *see also, Hyzer v. Cigna Property & Cas. Ins. Co.,* 884 F.Supp. 1146 (E.D.Mich.1995) (following *Holman* and holding complete preemption did not exist in case of the FCIA); *O'Neal v. CIGNA Property & Cas. Ins. Co.,* 878 F.Supp. 848 (D.S.C.1995) (same); *but see, Brown v. Crop Hail Management,* 813 F.Supp. 519 (S.D.Tex.1993) (complete preemption does apply under the FCIA); *Owen v. Crop Hail Management,* 841 F.Supp. 297 (W.D.Mo.1994) (same).

The FCIA was originally passed in 1938, and created the Federal Crop Insurance Corporation ("FCIC"). *Id.* at 669. It was amended significantly in 1980 with the intention to "dramatically increase[ ] the amount and availability of crop insurance" to the nation's farmers. *Id.* The 1980 amendments to the Act also authorized the use of private insurance agents to aggressively market and sell policies. *Id.* As the court in *Holman* noted, under the final version of the 1980 amendments to the FCIA, private agents were specifically given, at their insistence, "indemnification for losses suffered as a result of acts or omissions of the FCIC." *Id.*

■ The only section of the FCIA that could support a finding of complete preemption is 7 U.S.C. § 1506(d). That section reads, "The district courts of the United States ... shall have exclusive jurisdiction

... of all suits brought by or against the Corporation." *Id.*[2] The Corporation referred to in the statute is the FCIC. Clearly, the FCIC is not a party to this suit, rather, this action appears to be against a reinsurer. As stated in *Holman,* there is no indication that the private agents requested that all actions against them be included in the statute's exclusive jurisdiction provision. *Holman,* 994 F.2d at 669. Likewise, this court finds no indication that Congress intended that suits against reinsurers of the FCIC be included in the jurisdictional provision.

It is noted that the court in *Brown* expanded this provision to give the district courts exclusive jurisdiction over suits brought against reinsurers of the Corporation. 813 F.Supp. at 528. The *Brown* court's interpretation, though, is contrary to the plain language of the statute and this court will not broaden the language of the statute without some clear indication from Congress that this was their intent. *See Hyzer,* 884 F.Supp. at 1151. In fact, the court finds that Congress's limitation of exclusive federal jurisdiction to those cases "brought by or against the Corporation" indicates a lack of such intent.

The FCIA also contains an express preemption clause. 7 U.S.C. § 1506(*l*). According to § 1506(*l*),

> State and local laws or rules shall not apply to contracts, agreements or regulations of the Corporation or the parties thereto to the extent that such contracts, agreements or regulations provide that such laws or rules shall not apply, or to the extent that such laws or rules are inconsistent with such contracts, agreements or regulations.

7 U.S.C. § 1506(*l*). This section provides a preemption defense where state or local laws conflict with provisions in a contract made pursuant to the FCIA. It seems, then, that no matter what this court's determination on

---

**2.** As a contrast, the jurisdictional provision of ERISA, 29 U.S.C. § 1132(e)(1) states that

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section

1021(f) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

This is obviously substantially more broad than the language used in the FCIA.

this motion, the FCIA will play a role in the final outcome of this cause, as that act, and the regulations promulgated pursuant to the act, may well govern contracts of this sort. The question, though, is whether there was an intent on the part of Congress to so pervasively regulate the field of crop insurance, that the FCIA completely preempts the field, rendering any claim federal in nature. Simply because a federal law provides a preemption defense does not indicate that Congress intended for jurisdiction to be proper only in federal court. *See Hyzer,* 884 F.Supp. at 1151 ("[T]he section is intended to provide preemption, not super preemption.").

█ This court has no doubt that the Alabama state courts are perfectly capable of correctly applying the preemption defense, if it is available to these defendants.

### *CONCLUSION*

For the reasons set forth above, the court finds that the Plaintiff's Motion to Remand is due to be GRANTED. Therefore, it is ORDERED that this cause be and it is hereby REMANDED to the Circuit Court of Pike County, Alabama. The clerk is DIRECTED to take all steps necessary to effect this remand.