**Daniel BULLINGER and David Bullinger, Plaintiffs,**

v.

**Brad TREBAS and Rain and Hail, L.L.C., a/k/a Rain and Hail Insurance Service, Inc., Defendants.**

**No. A4–02–13.**

United States District Court, D. North Dakota, Northwestern Division.

Jan. 30, 2003.

---

Collin Paul Dobrovolny, McGee Hankla Backes & Dobrovolny PC, Minot, ND, for Plaintiff.

E. Thomas Conmy, III, Nilles, Hansen & Davies, Ltd., Fargo, ND, James Edward Nostdahl, Minot, ND, for defendant.

## MEMORANDUM AND ORDER

HOVLAND, Chief Judge.

## I. BACKGROUND OF THE CASE

The plaintiffs, Daniel Bullinger and David Bullinger [hereinafter referred to as the Bullingers], and defendant Brad Trebas, are residents of Bottineau County, North Dakota. Defendant Rain and Hail, L.L.C. [hereinafter referred to as Rain & Hail], is an insurance company licensed to do business in North Dakota.

On or before March 15, 1999, the Bullingers completed applications for multi-peril crop insurance with the assistance of Brad Trebas, a local agent for Rain & Hail. The policies were issued by Rain & Hail and reinsured through the Federal Crop Insurance Corporation. The Bullingers submitted claims to Rain & Hail in mid–1999 for prevented planting, and claimed that they were unable to plant a crop because of excessive moisture for the 1999 crop year. Rain & Hail denied portions of their prevented planting claims in late September 1999 because the Bullingers' acreage reports did not comply with the rotational requirements set forth in the

policies. The Bullingers had suffered a crop loss in 1999 for which they contend insurance coverage was available but was not paid because of errors in their acreage reports.

The Bullingers, by summons and complaint dated February 4, 2002, initiated this action against Trebas and Rain & Hail in state district court. Rain & Hail removed the action to federal court on February 15, 2002, citing the existence of a federal question as the basis for removal. According to Rain & Hail, the Bullingers' action implicated 7 U.S.C. § 1501, et. seq., and 7 C.F.R. § 400, et. seq. The Bullingers did not challenge the removal.

Rain & Hail then filed a motion for summary judgment on September 13, 2002, asserting that a 12–month statute of limitations period governs the Bullingers' action and the limitation period had expired. See 7 U.S.C. § 1508(j)(2)(B). The Bullingers filed a response to the motion on November 13, 2002. Rain & Hail filed a reply in support of the motion on November 22, 2002. Therefore, the matter is ripe for the Court's consideration.

In essence, the Bullingers contend that their acreage reports were filled out incorrectly as a result of the negligence of agent BradTrebas and Rain & Hail and that the defendants should pay for the loss. The Bullingers argue that the defendants had a duty to provide information and assistance to them in order to fully comply with the requirements of the policy and that there was a breach of that duty. The Bullingers further contend that the applicable statute of limitations is a 6–year period as provided for under North Dakota law.

## II. LEGAL DISCUSSION

### A. HISTORY OF THE FEDERAL CROP INSURANCE ACT

Due to the inherent risks of insuring crops, insurance companies in the early 1900's refused to write multi-peril crop insurance. *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 383, 68 S.Ct. 1, 92 L.Ed. 10 (1947). In order to remedy this problem, Congress enacted the Federal Crop Insurance Act (FCIA). 7 U.S.C. §§ 1501 et. seq. The Act was enacted in 1938 and its purpose was to "promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance...." 7 U S.C. § 1502. To carry out this purpose, Congress created an agency within the Department of Agriculture known as the Federal Crop Insurance Corporation. The Federal Crop Insurance Corporation assists in carrying out the goals of the FCIA by providing crop insurance to farmers by 1) selling insurance through private insurance agents; 2) reinsuring private insurance companies that provide crop insurance; and 3) providing crop insurance directly to the farmer. *Owen v. Crop Hail Management,* 841 F.Supp. 297, 300 (W.D.Mo.1994) citing 7 U.S.C. §§ 1507–1508.

Under the original scheme of the Federal Crop Insurance Act, only the Federal Crop Insurance Corporation issued crop insurance policies and handled claims. However, when the Federal Crop Insurance Act was amended in 1980, Congress authorized the utilization of private insurance companies to provide crop insurance to the nation's farmers. These private insurance companies sell and service crop insurance policies and are reinsured by the Federal Crop Insurance Corporation. As a result, under the current scheme, the Federal Crop Insurance Corporation both insures farmers directly and reinsures private companies to ensure farmers. See 7 U.S.C. § 1508(a).

In this case, the Bullingers seek benefits allegedly due under a multi-peril crop insurance policy purchased from defendant

Rain & Hail to cover the Bullingers' 1999 crop. The policies were issued by Rain & Hail and this entity was reinsured through the Federal Crop Insurance Corporation.

In 1999, the Bullingers made a claim for alleged losses to their crop. The defendants refused to pay which resulted in the commencement of this lawsuit in early February 2002. The action alleged the following state law causes of action: 1) breach of contract; 2) negligence; and 3) negligent or intentional misrepresentation. The defendants removed the case to federal court on February 15, 2002, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Rain & Hail contends that the Bullingers' action is untimely because more than eighteen (18) months had lapsed between the commencement of the action in state court and the denial of their claims. Rain & Hail argues that the Bullingers were required to initiate any legal action against Rain & Hail within twelve (12) months from the date their claims were denied. The multi-peril crop insurance policy at issue contained the following provision:

> If you do take legal action against us, you must do so within 12 months of the date of denial of the claim. Suit must be brought in accordance with the provisions of 7 U.S.C. 1508(j).

7 U.S.C. § 1508(j)(2) provides as follows:

(2) Denial of claims

(A) In general

> Subject to subparagraph (B), if a claim for indemnity is denied by the Corporation or an approved provider, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located.

(B) Statute of limitations

> A suit on the claim may be brought not later than 1 year after the date on which final notice of denial of the claim is provided to the claimant.

The Bullingers contend that Rain & Hail has misinterpreted their claims. According to the Bullingers, they do not contest the terms and conditions of their insurance policies. Instead, the Bullingers take issue with what they consider to be a breach of contract and a breach of duty by insurance agent Brad Trebas and Rain & Hail. The Bullingers contend that they relied upon the knowledge, skill, and expertise of Trebas and representatives of Rain & Hail to ensure that their insurance applications were properly completed and that the necessary forms were filled out to provide coverage for their crop losses.

In its reply, Rain & Hail argues that the language of the Bullingers' policies and 7 U.S.C. § 1508(j)(2)(B) makes no distinction between contract and tort claims. Consequently, Rain & Hail contends that any claims related to or arising out of the Bullingers' insurance policies must be brought within one (1) year of the date of the denial of their claims. For the reason(s) outlined below, the Court disagrees.

**B. REMOVAL WAS IMPROPER AND FEDERAL JURISDICTION IS LACKING**

■ The Bullingers' complaint was originally filed in state court in February 2002 and alleged several state law causes of action. Nowhere in the list of claims do the Bullingers mention or implicate the Federal Crop Insurance Act or any other federal law. However, the defendants removed this action from state court by alleging federal question jurisdiction in this Court. The plaintiffs never challenged the removal. Nevertheless, the Court has a duty to examine whether jurisdiction is

appropriate in federal court. See *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir.1998) (explaining that subject-matter jurisdiction cannot be waived).

 A defendant may remove a state court case to federal court only if the case could have been originally filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir.2000). In the absence of diversity of citizenship, a defendant must establish federal question jurisdiction, or some other basis for federal jurisdiction, to effect a proper removal. *Id.* Whether federal question jurisdiction exists is determined by the "well-pleaded complaint rule" which provides that a federal question must be presented on the face of the complaint to invoke federal court jurisdiction. The defendant is not permitted to inject a federal question into an otherwise state law claim and, thereby, transform the action to one arising under federal law. In other words, a federal defense is not a basis for removal.

 However, there are exceptions to the "well-pleaded complaint rule" and the doctrine of complete preemption is one such exception. See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Under this doctrine, a federal statute can completely preempt all state law claims if the statute so extensively regulates a particular area that there is no room for state law supplementation. *Id.* If the court has found that a statute regulates a particular area in such a pervasive manner, then a complaint versed in state law is converted to one stating a federal claim for purposes of the "well-pleaded complaint rule". As a result, subject matter jurisdiction is possible even when the defendant raises the federal question as a defense which does not appear on the face of the complaint. In other words, once the court determines that federal law completely preempts state law in a certain area, then the federal court has jurisdiction.

 The doctrine of complete preemption is a jurisdictional conferring doctrine. See *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir.1996). Thus, if the plaintiff's state law claims do not fall within an area completely preempted by a federal law, and there exists no other means of establishing jurisdiction, then the federal court lacks jurisdiction and should remand the case back to state court. See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). It is within these guidelines that the Court must first determine whether the federal law in question (the Federal Crop Insurance Act) completely preempts the Bullingers' state law claims. Whether federal law completely preempts a state law cause of action is a question of Congressional intent, i.e., Congress must have clearly manifested an intent to make a cause of action pled under state law removable to federal court.

As a general rule, courts are reluctant to find this extraordinary preemptive power absent clear direction from Congress. The United States Supreme Court has recognized complete preemption in only three areas: actions under Section 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a); actions under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185; and in the area of Native American possessory interest in land obtained by treaty. The Eighth Circuit has extended the doctrine to only a few other areas of federal interest including the Railway Labor Act, 45 U.S.C. § 151, et. seq., and the Indian Gaming Regulatory Act, 25 U.S.C. § 2701, et. seq.

 In this case, there is no question that the only arguable basis for federal

jurisdiction is the complete preemption doctrine. Diversity jurisdiction is lacking and no federal cause of action is stated on the face of the complaint. The plaintiffs have only asserted state law claims which include breach of contract, negligence, negligent or intentional misrepresentation, and misconduct. Thus, the question is whether the Federal Crop Insurance Act so completely preempts state law that the plaintiffs' claims against the defendants are considered to arise from federal law. It is clear that if complete preemption does not exist, the case must be remanded for lack of jurisdiction. See *Magee v. Exxon Corp.*, 135 F.3d 599, 602 (8th Cir.1998).

Many other courts have been presented with this precise issue. Although the Eighth Circuit has not addressed this specific issue to date, other district and circuit courts have. The case law reveals that the majority of courts have held that the Federal Crop Insurance Act does not completely preempt state law causes of action. See *Holman v. Laulo–Rowe Agency*, 994 F.2d 666, 669 (9th Cir.1993); *Halfmann v. USAG Ins. Servs., Inc.*, 118 F.Supp.2d 714 (N.D.Tex.2000); *Bullard v. Southwest Crop Ins. Agency, Inc.*, 984 F.Supp. 531 (E.D.Tex.1997); *Horn v. Rural Cmty. Ins. Servs.*, 903 F.Supp. 1502 (M.D.Ala.1995); *Hyzer v. Cigna Prop. Cas. Ins. Co.*, 884 F.Supp. 1146 (E.D.Mich.1995); *O'Neal v. CIGNA Prop. Cas. Ins. Co.*, 878 F.Supp. 848 (D.S.C.1995).

There are only two district courts that have held in favor of complete preemption under the Federal Crop Insurance Act. See *Brown v. Crop Hail Mgmt., Inc.*, 813 F.Supp. 519 (S.D.Tex.1993); and *Owen v. Crop Hail Mgmt.*, 841 F.Supp. 297 (W.D.Mo.1994). However, these cases have been criticized and are not persuasive.

There are several other courts that have determined that the Federal Crop Insurance Act and its regulations do not preempt state law causes of action under

the defense of federal preemption. See *Meyer v. Conlon*, 162 F.3d 1264, 1268 (10th Cir.1998); *Williams Farms of Homestead v. Rain and Hail Ins.*, 121 F.3d 630 (11th Cir.1997) (Congress did not draft the FCIA to expressly preempt state law claims nor does the wording or its legislative history evidence an attempt to preempt state law claims); *Nobles v. Rural Cmty. Ins. Servs.*, 122 F.Supp.2d 1290, 1294 (M.D.Ala.2000) (the Act in no way prevents farmers from suing their private insurance company when that insurance company denies their claim). Finally, Judge Rodney Webb was presented with this identical issue in a case entitled *Reimers v. Farm Credit Services Ag. Country*, et al., 2001 WL 1820379 (D.N.D.2001). In Reimers, the court was also persuaded by the majority rule and concluded that the Federal Crop Insurance Act does not have the extraordinary preemptive force necessary for the application of the doctrine of complete preemption.

 This Court agrees with the reasoning of the majority of courts around the country that have specifically held that neither 7 U.S.C. § 1508(j)(2) nor any other provision of the Federal Crop Insurance Act, creates a federal cause of action against a private reinsured company, nor does the Act express a clear manifestation of Congressional intent necessary for a finding of complete preemption. In other words, neither the legislative history of the Federal Crop Insurance Act nor its express provisions establish an intent to create a federal cause of action against private insurance companies or to grant exclusive federal jurisdiction over such suits. Without clear Congressional intent to establish these provisions, the Federal Crop Insurance Act does not meet the standards set forth by the United States Supreme Court for completely preempting all state and common law claims.

This conclusion is strengthened by the fact that 7 U.S.C. § 1508(j)(2)(A) states that if a claim is denied, a suit "may be brought" against the Federal Crop Insurance Corporation or the secretary. The language is permissive in nature and says nothing about suits against FCIC-reinsured entities. Further, 7 U.S.C. § 1508(j)(2)(B) provides that "a suit on the claim may be brought not later than 1 year after the date on which final notice of denial of the claim is provided to the claimant". (Emphasis added) The permissive language of these sections clearly demonstrates that Congress did not expressly preempt state law claims or create an exclusive federal remedy against the Federal Crop Insurance Corporation. The legislative history also supports this point. The permissive language supports the conclusion that Congress never intended to completely preempt state law causes of action against private insurance companies. The Court concludes, as a matter of law, that 7 U.S.C. § 1508(j)(2) does not create a federal cause of action against private reinsured companies nor does the Act grant exclusive jurisdiction to the federal courts over claims against private entities reinsured by the Federal Crop Insurance Corporation.

The original complaint brought in state district court alleged breach of contract, negligence, negligent or intentional misrepresentation, and a pattern of misconduct on the part of insurance agent Brad Trebas and Rain & Hail. The Court concludes, as a matter of law, that a clear reading of 7 U.S.C. § 1508(j)(2)(B) supports the conclusion that the 12–month limitation period is not mandatory in nature nor does the Federal Crop Insurance Act or its corresponding regulations completely preempt all state law causes of action. It is clear that the 12–month limitation period provided for in 7 U.S.C. § 1508(j)(2)(B) is permissive rather than mandatory and does not bar the Bullingers' claims. The Court also agrees with the majority rule around the country that none of the provisions of the Federal Crop Insurance Act creates a federal cause of action against a private insurance company reinsured by the Federal Crop Insurance Corporation. Thus, this Court lacks federal question jurisdiction. The Federal Crop Insurance Act provisions at issue are devoid of any language regarding suits against private companies reinsured by the Federal Crop Insurance Corporation. The provisions of the Act do not grant district courts federal question jurisdiction over such suits against private insurers; the Act does not preempt such suits; nor does the Act establish venue for such suits. It is clear that Congress intended to leave insureds with their traditional breach of contract or tort remedies against their insurance companies.

Although the Bullingers have not challenged removal of the action to federal court, the Court may raise the issue sua sponte if there is any indication that the Court lacks federal question jurisdiction. The Court has a duty to examine whether jurisdiction is appropriate in federal court. See *Krein v. Norris,* 250 F.3d 1184, 1187 (8th Cir.2001); *Magee v. Exxon Corp.,* 135 F.3d 599, 601 (8th Cir.1998). In this case, the Court's jurisdiction over the Bullingers' claim is predicated upon the existence of a federal question. The Bullingers have asserted state common law claims against the defendants and their original action does not implicate federal law. For the reasons outlined above, the Court has concluded that there is no clear intent in the Federal Crop Insurance Act or in the regulations to make state law causes of action removable to federal court. As a result, this Court lacks removal jurisdiction over this case and a remand is appropriate and warranted. See *Metropolitan Life Ins. Co., v. Taylor,* 481 U.S. 58, 68, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)

(explaining that the prudent course for a federal district court that does not find clear Congressional intent to create removal jurisdiction is to remand the case to state court. 28 U.S.C. § 1441(b) empowers the Court to remand all matters not otherwise within its original jurisdiction and, given the present posture of this case, the Court concludes that a remand is warranted. The defendants have failed to demonstrate that the complete preemption doctrine provides a basis upon which summary judgment may be granted. The state court is the appropriate forum for a resolution of the state law claims.

## III. CONCLUSION

For the reasons outlined above, the Court concludes that the complete preemption doctrine does not apply to the Federal Crop Insurance Act concerning state law claims brought against private insurers. The provisions of the Federal Crop Insurance Act do not create a federal cause of action against a private insurance company reinsured by the Federal Crop Insurance Corporation, nor does the Act grant exclusive jurisdiction to the federal courts over claims against reinsured entities. The Court further concludes as a matter of law that the 12-month statute of limitations found in 7 U.S.C. § 1508(j)(2)(B) is permissive in nature and wholly inapplicable to this case. Consequently, removal jurisdiction is lacking and a remand to state court is appropriate. Accordingly, the Court DENIES Rain & Hail's Motion for Summary Judgment of Dismissal and the matter is remanded to the District Court of Bottineau County.

IT IS SO ORDERED.