John Earl BULLARD, Plaintiff,

v.

SOUTHWEST CROP INSURANCE AGENCY, INC., Blakely Crop Hail, Inc., Farmers Alliance Mutual Insurance, Co., Defendant.

No. 3:97–CV–5.

United States District Court,
E.D. Texas,
Paris Division.

Dec. 1, 1997.

Roger D. Sanders, Sanders O'Hanlon & Motley, Sherman, TX, for John Earl Bullard.

Richard Dan Meehan, Turner Meehan & Porter, Bonham, TX, for Southwest Crop Ins. Agency, Inc.

Brad Gahm, Cozen & O'Connor, Dallas, TX, for Blakely Crop Hail, Inc., Farmers Alliance Mut. Ins. Co.

*MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS BLAKELY CROP HAIL, INC.'S AND FARMERS ALLIANCE MUTUAL CO.'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION TO REMAND.*

SCHELL, Chief Judge.

This matter is before the court on Defendants Blakely Crop Hail, Inc.'s ("Blakely") and Farmers Alliance Mutual Co.'s ("Farmers") (collectively "Defendants") Motion for Summary Judgment, filed on July 28, 1997. Plaintiff John Earl Bullard ("Bullard") filed a response to Defendants' Motion for Summary Judgment on August 20, 1997, and a Motion to Remand on the same day. Defendants filed a reply to Bullard's response to their motion for summary judgment, and a response to Bullard's motion to remand, on September 16, 1997. Upon consideration of the motions, responses, reply, and applicable law, the court is of the opinion that Defendants' Motion for Summary Judgment should be DENIED, and Plaintiff's Motion to Remand should be GRANTED.

## I. BACKGROUND

### 1. The Federal Crop Insurance Act

Due to the inherent risks of insuring crops, insurance companies in the early 1900's refused to write multi-peril crop insurance policies. *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 383 n. 1, 68 S.Ct. 1, 3–4 n. 1, 92 L.Ed. 10 (1947). In an effort to remedy the problem, Congress passed the Federal Crop Insurance Act (FCIA) in 1938. 7 U.S.C. §§ 1501 et seq. Its purpose was to "promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance ...." 7 U.S.C. § 1502. To carry out this purpose, Congress created an agency within the Department of Agriculture known as the Federal Crop Insurance Corporation (FCIC). 7 U.S.C. § 1503. The FCIC assists in carrying out the goals of the FCIA by providing crop insurance to farmers in the following ways: (1) selling insurance through private insurance agents, (2) reinsuring private insurance companies that provide crop insurance, and (3) providing crop insurance directly to the farmer. *Owen v. Crop Hail Management,* 841 F.Supp. 297, 300 (W.D.Mo.1994) (citing 7 U.S.C. §§ 1507–08).

### 2. Procedurally Significant Facts

In this case, Bullard seeks benefits allegedly due under a multi-peril crop insurance policy (the "Policy") purchased from Defen-

dant Southwest Crop Insurance Agency, Inc. ("Southwest") to cover Bullard's 1995 nursery crop. Pl.'s Resp. to Defs.' Mot. for Summ. J. and Mot. to Remand at 2. Farmers issued the Policy to Bullard through its managing general agent, Blakely. *Id.* The Policy was later reinsured by the FCIC under the provisions of the FCIA. Defs.' Mot. for Summ. J. Exhibit A1 at Endorsement 1988–CHIAA 776N.

In 1995, Bullard made a claim under the Policy for alleged losses to his 1995 nursery crop. Defs.' Mot. for Summ. J. at 2. Defendants refused to pay. *Id.* On or about December 19, 1996, Plaintiff filed this action in the 6th Judicial District Court of Fannin County, Texas, alleging the following state law causes of action: (1) breach of contract; (2) violations of the Texas Deceptive Trade Practices Act; (3) violations of the Texas Insurance Code; (4) negligence; (5) negligent misrepresentation; (6) breach of duty of good faith and fair dealing in settling an insured's claim for loss; (7) breach of duty of good faith and fair dealing in failing to timely adjust a claim; (8) conspiracy; and (9) declaratory judgment. Def.'s Mot. for Summ. J. at 2. Defendants timely removed the case to this court on January 31, 1997, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendants now move for summary judgment, contending that (1) the FCIA and its corresponding regulations completely preempt all state law causes of action against FCIC-reinsured entities, (2) Bullard's failure to plead a federal claim was a calculated effort to mask federal preemption, and (3) that the Policy specifically provides that all of its terms, rights, and responsibilities are subject to the FCIA and its corresponding regulations, which do not allow for the assertion of state law claims. Def.s' Mot. for Summ. J. at 3.

In response, Bullard asserts that the FCIA does not completely preempt his state law causes of action and, since he has pled no federal claim, this court lacks subject matter jurisdiction and should remand the case to state court. Pl.'s Resp. to Defs.' Mot. for Summ. J. and Mot. for Remand at 1. Thus, the ultimate question before the court is whether removal jurisdiction exists over Plaintiff's state law claims.

## II. THE SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. at 2510. The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *See id.* at 247, 106 S.Ct. at 2509–10. Because Bullard bears the burden of proof at trial, Defendants are not required to produce evidence negating the existence of a material fact; rather Defendants' burden is only to point out the absence of evidence supporting the nonmovant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If Defendants' motion demonstrates such an absence of evidence, "the nonmovant must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir.) (citation and internal quotations omitted), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992). The test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512.

## III. DISCUSSION

### A. The Well–Pleaded Complaint Rule

Bullard's complaint, filed in state court, alleges nine state law causes of action. Def.'s Mot. for Summ. J. at 2. Nowhere in this list of claims does Bullard mention or implicate the FCIA or any other federal law.

However, Defendants removed this action from state court by alleging federal question jurisdiction in this court. Defs.' Mot. for Summ. J. at 3.

█ A defendant may remove a plaintiff's action from state court only if the case could have been originally filed in federal court. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). In the absence of diversity of citizenship, a defendant must establish federal question jurisdiction to effect proper removal. *Id.* (citing 28 U.S.C. § 1331). The "well-pleaded complaint rule" governs the issue of federal question jurisdiction. *Id.* This rule provides that federal jurisdiction exists only when a federal question is present on the face of a plaintiff's properly pleaded complaint. *Id.* The rule is designed to make the plaintiff the "master of his claim" such that he may avoid federal jurisdiction by relying exclusively on state law. *Id.* Consequently, a defendant may not normally remove a case to federal court by raising a federal question as a defense. *Id.* at 393, 107 S. Ct. at 2430; *see also Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983) (stating that "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, ... even if both parties admit that the defense is the only question truly at issue in the case."). Such a defense does not appear on the face of a well-pleaded complaint, and, therefore, cannot be used as the basis for removal to federal court. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

### 1. Complete Preemption

█ Under extraordinary circumstances, the United States Supreme Court has found an exception to the "well-pleaded complaint rule," commonly referred to as the "complete pre-emption doctrine." *Williams,* 482 U.S. at 393, 107 S.Ct. at 2430. Under this doctrine, a federal statute may completely preempt all state law claims if the statute so extensively regulates a particular area that it leaves no room for state law supplementation. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987). Once the Court has found that a statute regulates a particular area in such a pervasive manner, then any ordinary state common law complaint is converted into one stating a federal claim for purposes of the well-pleaded complaint rule. *Id.* As a result, subject matter jurisdiction is possible even when the defendant raises a federal question as a defense which does not appear on the face of the complaint. *Williams,* 482 U.S. at 393–99, 107 S.Ct. at 2430–33.[1]

█ Once the court determines that federal law completely preempts state law in a certain area, it must be shown that the plaintiff's claim falls within the area completely preempted in order to justify removal jurisdiction. *Hyzer v. Cigna Property Casualty Ins. Co.,* 884 F.Supp. 1146, 1148–49 (E.D.Mich.1995) (citing *Warner v. Ford Motor Co.,* 46 F.3d 531, 535 (6th Cir.1995)). Should the plaintiff's claim fall within the preempted field, then the federal court has jurisdiction and may determine the substantive validity of the preemption defense under the facts of the case at hand. *Hyzer,* 884 F.Supp. at 1149 (citing *Whitman v. Raley's, Inc.,* 886 F.2d 1177, 1181 (9th Cir.1989)). Accordingly, if the plaintiff's state law claims do not fall within the area completely preempted and there exists no other means of establishing jurisdiction, the federal court lacks subject matter jurisdiction and should remand the case back to state court. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987).

The touchstone of the federal district court's removal jurisdiction by means of the complete preemption defense is congressional intent. *Taylor,* 481 U.S. at 66, 107 S.Ct. at 1547–48. However, establishing the positive

---

1. It should be noted that various forms of preemption do exist. However, a federal statute must completely preempt state law such that it occupies the entire field of regulation, rather than simply preempting inconsistent state laws,

in order to meet complete preemption criteria. *Wisconsin Public Intervenor v. Mortier,* 501 U.S. 597, 604–05, 111 S.Ct. 2476, 2481–82, 115 L.Ed.2d 532 (1991).

congressional intent necessary for a finding of complete preemption appears to be no easy task. In *Taylor,* the Supreme Court found that Congress intended the Employee Retirement Income Security Act (ERISA) to completely preempt state law claims. *Id.* However, in his concurrence with the unanimous opinion, Justice Brennan warned that courts should only find the unusual preemptive force necessary to create removal jurisdiction when " 'Congress has *clearly* manifested an intent to make causes of action ... *removable to federal court.'* " *Id.* at 68, 107 S.Ct. at 1548 (Brennan, J., concurring) (quoting from the Court's opinion, adding emphasis). According to Justice Brennan, the "prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court." *Id.; see also Beers v. North American Van Lines,* 836 F.2d 910, 913 n. 3 (5th Cir.1988) (acknowledging the requirement of a clearly manifested congressional intent to make state claims removable to federal court).

It is with these guidelines in mind that the court must determine whether the federal law in question here completely preempts Bullard's claims. Defendants argue that they are entitled to summary judgment because FCIA section 1508(j)(2)(A) and FCIC regulation 400.176(b) provide for complete preemption. In support of their argument, Defendants rely extensively on *Brown v. Crop Hail Management, Inc.,* 813 F.Supp. 519 (S.D.Tex.1993). In *Brown,* as in the present case, the plaintiff purchased a multiperil crop insurance policy from a private insurance company. *Id.* at 521. The policy was later reinsured by the FCIC. *Id.* at 522. After suffering substantial crop loss, the plaintiff made a demand for coverage under the policy. *Id.* at 521. This demand was later denied, and the plaintiff brought suit against the private insurance company and issuing agent, alleging purely state law causes of action. *Id.* The FCIC was never named as a party to the suit. *Id.* Acknowledging that the plaintiff's complaint alleged no federal cause of action on its face, the defendants removed the case to federal court on the basis of complete preemption. *Id.*

In *Brown,* the plaintiffs only brought claims against an FCIC reinsured company and its agent; however, the *Brown* court analyzed the congressional intent behind the FCIA by focusing on suits brought against the FCIC. *Id.* at 528. The court equated suits against a private insurer with suits against the FCIC. *Id.* at 526. In reaching its decision, the court relied upon the *Aaron* test for complete preemption formulated by the Fifth Circuit. *Id.* at 523 (*see Aaron v. National Union Fire Ins. Co. of Pittsburg, Pennsylvania,* 876 F.2d 1157 (5th Cir.1989)). The *Brown* court analyzed *Aaron* as establishing a three part test requiring "a *statutory* creation of a civil enforcement section and a specific jurisdictional grant and *congressional* intent that complete preemption exist." *Id.* at 528. The court admitted that

> the FCIA extends none of these things to FCIC reinsured companies. Nevertheless, it is inconceivable to the Court that, having earlier determined that suits against FCIC reinsured companies are equivalent to suits against the FCIC, it could now conclude that suits against FCIC reinsured companies are not completely preempted in the same fashion as suits against the FCIC. Thus, the Court holds that state law causes of action, like the ones asserted by the Plaintiff in the instant case, against a FCIC reinsured entity are subject to complete preemption.

*Id.*

In support of this conclusion, the *Brown* court holds that the combination of FCIA section 1508(f) [now section 1508(j)] and FCIC regulation 400.176(b) fulfills the first and second requirements of *Aaron* by establishing a cause of action that both replaces and protects the same interests as the plaintiff's state law claims, as well as evidencing a grant of jurisdiction to the federal courts over claims against FCIC reinsured entities. *Id.* at 526.

At the time of the *Brown* decision, section 1508(f) stated: "In the event that any claim for indemnity under the provisions of this title is denied by the Corporation, an action on such claim may be brought against the Corporation in the United States district court for the district court in which the in-

sured farm was located: ...."[2] In addition, section 400.176 stated then and now:

"No policy of insurance reinsured by the corporation and no claim, settlement, or adjustment action with respect to any such policy shall provide a basis for a claim of damages against the Company issuing such policy, other than damages to which the Corporation would be liable under federal law if the Corporation had issued the policy of insurance under its direct writing program, ...."

■ This court declines to follow the reasoning in *Brown.* Instead, with regard to the first ' *Aaron* requirement, the court agrees with the reasoning of the Eleventh Circuit in *Williams Farms of Homestead, Inc. v. Rain and Hail Insurance Services, Inc.,* 121 F.3d 630 (11th Cir.1997). In *Williams,* the court held that neither section 1508(j) nor any other provision of the FCIA creates a federal cause of action against a private reinsured company. *Id.* at 633. In reaching its decision, the court noted that if Congress wished to create a such a cause of action, it could have provided for one as it did in the National Flood Insurance Act (NFIA) of 1968. *Id.* at 635 (citing 42 U.S.C. §§ 4001–4129.). Similar to the FCIA, the NFIA allows private insurance companies to write flood insurance policies in conjunction with its governing body, the Federal Emergency Management Agency. *Id.* (citing 42 U.S.C. § 4011(c)). Under the NFIA, if a private insurance company disallows a claim, the insured claimant

may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to

hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4053.

Unlike the NFIA, the FCIA does not include a provision which so clearly and explicitly grants a cause of action to insured claimants against private insurance companies. Absent such a provision, the court has no choice but to infer that "Congress intended to leave insureds with their traditional contract remedies against their insurance companies." *Williams,* 121 F.2d at 635. This inference is strengthened by FCIC regulations and FCIA provisions that, absent an express creation of a federal cause of action, presume the existence of a state law claim against private insurance providers. *Id.*[3] Therefore, this inference is consistent with the scheme of the FCIA. *Id.*

Concerning *Aaron*'s second criterion, this court is guided by the Supreme Court's decision in *Metropolitan Life v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In that case, the Court announced that it would have been reluctant to find that Congress intended for ERISA to wield complete preemptive power without the jurisdictional language in the statute's civil enforcement provision. *Id.* at 65, 107 S.Ct. at 1547. In other words, without such language, no complete preemption would have been found.

Section 502(f) of ERISA establishes jurisdiction in the district courts of the United States "to grant the relief provided for in subsection (a) of this section *in any action.*" 29 U.S.C. § 1132(f) (emphasis added). *Taylor,* 481 U.S. at 65, 107 S.Ct. at 1547. Unlike section 502(f) of ERISA, section 1508(j)(2)(A) of the FCIA states simply that if a claim for indemnity is "denied by the Corporation or an approved provider, an action on the claim may be brought *against the Corporation or Secretary* only in the United States district

**2.** This provision was later amended and renumbered § 1508(j)(2)(A) in 1994 as part of the Federal Crop Insurance Reform Act of 1994. The provision now reads "[I]f a claim for indemnity is denied by the Corporation or an approved provider, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured is located." 7 U.S.C. § 1508(j)(2)(A).

**3.** The FCIC regulations in section 400.176 presume the existence of state law claims against private insurance companies by acting as a limitation on damage calculations. *Id.* (citing 7 C.F.R. § 400.176). In addition, FCIA section 1508(j)(3) presumes the existence of state law claims by requiring the FCIC to provide indemnification to approved insurance providers. *Id.* (citing 7 U .S.C. § 1508(j)(3)).

court ...." 7 U.S.C. § 1508(j)(2)(A) (emphasis added). This provision does not establish jurisdiction over "any action" like section 502(f) of ERISA. Instead, it appears to establish exclusive federal question jurisdiction over suits concerning only the "Corporation or Secretary". Moreover, it provides no grant of jurisdiction for suits against FCIC-reinsured entities. Without a clear grant of jurisdictional authority, this court, like the Supreme Court in *Taylor*, is reluctant to find complete preemption.

In *Brown*, however, the court purported to find a jurisdictional grant in 7 U.S.C. § 1508(f) and 7 C.F.R. § 400.176. *Brown v. Crop Hail Management, Inc.*, 813 F.Supp. 519, 526 (S.D.Tex.1993). The court reasoned that section 400.176 extended Congress' grant of federal jurisdiction to FCIC-reinsured entities, since that section restricted the type of suits that can be brought against these entities to those that can be brought against the FCIC. *Id.* The legislative history of section 1508(f), now 1508(j), of the FCIA shows, however, that such was likely not the intent of Congress through the passage of section 400.176.

The present version of section 1508(j) was created by the passage of H.R. 4217 on October 13, 1994. Pub.L. No. 103–354, 108 Stat. 3183 (1994). A previous version of H.R. 4217 which was adopted by the Senate read: "if a claim for indemnity is denied by the Corporation or by the private insurance provider, an action on the claim shall only be brought against the Corporation or Secretary *or insurance provider* in the United States District Court ...." H.R. 4217, 103d Cong. § 1108(i)(2)(A) (1994) (emphasis added). However, the final version passed by both the House and the Senate reads: "if a claim for indemnity is denied by the Corporation or by the private insurance provider, an action on the claim may be brought *against the Corporation or Secretary* only in the United States District Court ...." 7 U.S.C. § 1508(j)(2)(A) (emphasis added).

■ By opting to exclude the phrase "or insurance provider" in this final version, Congress appears to have addressed the exact subject at issue in the present case. If Congress had included this phrase, it would have clearly granted federal jurisdiction over suits against insurance providers. It declined to do so. Moreover, Congress made this amendment after the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Taylor*. Therefore, Congress was fully cognizant of the need for a clear manifestation of its intent to establish complete preemption. Without the phrase "or insurance provider," the intent of Congress to include suits against private insurance providers in its jurisdictional grant remains unclear.[4] Therefore, this court declines to follow the same analysis as the court in *Brown*. Thus, the court finds that neither 7 U.S.C. § 1508(j) nor 7 C.F.R. § 400.176 grant jurisdiction to the federal courts over claims against reinsured entities.[5]

---

4. The committee report filed subsequent to the 1994 Amendment acknowledges that the new subsection (j) of section 508 of the FCIA is similar to the then existing section 508(f). The committee noted that this section "requires that suits brought against the Corporation *and* the private insurance provider be filed in the Federal District Court in which the farm is located ...." House Rep. No. 03–649 at 36 (1994) reprinted in 1994 U.S.C.C.A.N. 2516, 2535 (emphasis added). Given the legislative history behind the passage of section (j), the court infers through the committee's use of the conjunctive "and" rather that the disjunctive "or" to join the words "Corporation" and "private insurance provider" that it intended to grant jurisdiction to the federal district courts to hear suits against private insurance companies when the corporation is also a party to the suit.

5. Defendants cite *State ex rel. Todd v. United States*, 995 F.2d 1505, 1510 (10th Cir.1993) for the proposition that FCIC regulations such as 400.176 can preempt state law, and further, that these regulations were a reasonable and proper response to problems caused by various states attempting to regulate the federal crop insurance program. Defs.' Mot. for Summ. J. at 8. The *Todd* decision, however, addressed ordinary preemption rather than complete preemption.

Certainly, a federal agency acting within the scope of its congressionally delegated authority has the power to preempt state law. *Louisiana Public Serv. Com. v. F.C.C.*, 476 U.S. 355, 369, 106 S.Ct. 1890, 1898–99, 90 L.Ed.2d 369 (1986). "However, it is quite another matter to conclude that an agency may also *completely* or *super* preempt an area, thereby allowing an agency to create federal court subject matter jurisdiction where none exists." *Hyzer v. Cigna Property Casualty Ins. Co.*, 884 F.Supp. 1146, 1152 (E.D.Mich.1995). Since *Todd* focused on ordi-

■ In short, this court holds that the FCIA fails to express the clear manifestation of congressional intent necessary for a finding of complete preemption. Neither the legislative history of the FCIA nor its express provisions clearly establish Congress' intent to create a federal cause of action against private insurance companies, or to grant federal jurisdiction over such suits. Without clear congressional intent to establish these provisions, the court holds as a matter of law that the FCIA does not meet the standards set forth by the Supreme Court and the Fifth Circuit for completely preempting all state common law claims asserted against reinsured entities. As a result, Defendants have failed to demonstrate to that the complete preemption doctrine provides a basis upon which summary judgment may be granted.

### 2. The Artful Pleading Doctrine

■ In addition to the complete preemption doctrine, courts have also found an exception to the well-pleaded complaint rule when a plaintiff's failure to plead a federal claim was a calculated effort to mask federal preemption. This exception is known as the artful pleading doctrine. Under this exception, the court will evaluate the plaintiff's motive in failing to plead a federal cause of action. *Aaron v. National Union Fire Ins. Co. of Pittsburg, Pennsylvania,* 876 F.2d 1157, 1161 (5th Cir.1989). If the court determines that the "plaintiff's failure to plead her federal claim was not in good faith, but rather was an attempt to conceal the fact that her claim was truly federal, the court will allow the removal." *Id.* In evaluating this exception, courts should incorporate the same type of preemption analysis as applied through the complete preemption doctrine. *Id.*

■ In the present case, the court earlier determined that the FCIA does not clearly create a federal cause of action against private insurance companies. *See infra.* Therefore, the court is unable to now hold that Bullard was acting in bad faith by asserting state law causes of action in his complaint. The court finds that Defendant has

nary preemption and not complete preemption,

failed to establish the elements of the artful pleading exception to the well-pleaded complaint rule. Therefore, Defendants have failed to demonstrate that the artful pleading doctrine provides a basis upon which summary judgment may be granted.

### B. The Insurance Contract

In their final argument in favor of summary judgment, Defendants assert that the Policy specifically provides that all of its terms, rights, and responsibilities are subject to the FCIA and its corresponding regulations, which do not allow for the assertion of state law claims. This court has already determined, however, that the FCIA and the corresponding FCIC regulations do not completely preempt state law causes of action. *See supra.* Thus, Defendants' third contention fails to provide a basis upon which summary judgment may be granted.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is DENIED and Plaintiff's Motion to Remand is GRANTED. Therefore, the court ORDERS that this action is hereby REMANDED to the 6th Judicial District Court of Fannin County, Texas, for lack of subject matter jurisdiction.

Defendants' reliance on it is misplaced.